FILED

MAR 20 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 89-0160-01 (TFH) |
| | ) |
| MARCOS ANDERSON | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court are Defendant Marcos Anderson's "Motion to Amend 28 U.S.C. § 2255 Motion" [# 2] ("Blakely Mot.") and "Defendant's Second Motion to Amend Pursuant to United States v. Booker" [# 10] ("Booker Mot."). Upon careful consideration of Anderson's motions, the government's opposition, and the entire record herein, the Court will deny Anderson's motions.

### I. BACKGROUND

On June 23, 1989, Anderson and his co-defendants were charged, in a 126-count indictment, with organizing and managing a multi-state narcotics distribution operation. On December 8, 1989, a jury found Anderson guilty on all counts, namely: engaging in a continuing criminal enterprise ("CCE"); possession with intent to distribute cocaine; distribution of cocaine; traveling interstate in aid of racketeering activities; unlawful use of a communications facility; carrying and using a firearm in relation to a drug trafficking offense; and conspiracy to distribute and possess with intent to distribute cocaine. The Court sentenced Anderson to a total of 645 months imprisonment and imposed a $1,000,000 fine.

Anderson appealed and two appellate decisions followed. The Court of Appeals for the

District of Columbia Circuit affirmed Anderson's convictions, but held that the sentences for conspiracy and CCE were cumulative and that the fine must be reconsidered in light of Anderson's inability to pay. After hearing the case en banc, the D.C. Circuit further held that only one of Anderson's four convictions for carrying a firearm during a drug trafficking offense could be maintained. United States v. Anderson, 39 F.3d 331 (D.C. Cir. 1994), vacated in part, 59 F.3d 1323 (D.C. Cir.), cert. denied, 516 U.S. 999 (1995).

On remand, the Court vacated Anderson's conspiracy conviction along with three of the four firearms convictions, and resentenced him. Anderson then appealed the new sentence. The D.C. Circuit affirmed the sentence, with one exception, and on January 25, 1999, the Supreme Court declined further review. United States v. Anderson, 172 F.3d 921 (D.C. Cir. 1998) (unpublished opinion), cert. denied, 525 U.S. 1129 (1999).

On January 24, 2000, Anderson filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. From a review of the docket, it appears that the original motion has never been decided. Accordingly, the Court will address the merits of Anderson's original § 2255 motion in a separate opinion.

On July 8, 2004, Defendant filed the first Motion to Amend 28 U.S.C. § 2255 Motion, which sought to amend his January 24, 2000 motion, to add the claim that his sentence was illegal under Blakely v. Washington. The government filed an opposition to Defendant's motion to amend on September 14, 2004. On March 14, 2005, Defendant filed his reply, in which he also moved to amend the original § 2255 motion, by adding the claim that his sentence is also illegal under United States v. Booker.

## II. DISCUSSION

Anderson's motions seek to amend his original § 2255 motion by adding claims under Blakely and Booker. Motions to amend a § 2255 motion are governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Hicks, 283 F.3d 380, 383 (D.C. Cir. 2002) ("Rule 15 prescribes how civil pleadings may be amended and supplemented, and it applies to § 2255 proceedings").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year period of limitation on all motions made under § 2255. See Pub. L. No. 104-132 § 105, 110 Stat. 1214 (April 24, 1996). That period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Anderson has not alleged any impediment to his proposed amendments created by illegal government action, and the facts underlying his claims are not newly discovered. Finally, neither Blakely, nor Booker has been made retroactively applicable to cases on collateral review.[1] See In re Zambrano, 433 F.3d 886, 889 (D.C. Cir. 2006) (expressly

---

[1] Anderson asserts that this Court has the power to make a new rule retroactive. Blakely Mot. 2. The Court does not agree. Only the Supreme Court can make a rule retroactive for the purposes of § 2255. See Dodd v. United States, 125 S. Ct. 2478, 2483 (2005) (stating that an

3

holding that the Booker decision is not a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review within the meaning of § 2255); United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004). Therefore, the period of limitation that applies to Anderson's motions under § 2255 began to run when his conviction became final on January 25, 1999, the day the Supreme Court denied his petition for a writ of certiorari. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that a conviction becomes final when Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires"). Accordingly, Anderson had until January 25, 2000, to file a motion under § 2255. Anderson timely filed his original motion on January 24, 2000. He did not file his Blakely and Booker motions until July 8, 2004, and March 14, 2005, respectively, long after the expiration of the period of limitation.

Anderson's amendments are therefore time-barred, unless they were "subsumed by the timely first motion pursuant to the 'relation-back' doctrine." Hicks, 283 F.3d at 387. An amendment is "permitted to relate back only when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" See id. at 388 (quoting Fed. R. Civ. P. 15(c)(2)). In the D.C. Circuit, a proposed amendment does not relate back when it "makes claims or is based on occurrences 'totally separate and distinct, in both time and type from those raised in his original motion.'" Hicks, 283 F.3d at 388 (quoting United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir.

---

applicant "will be time barred except in the rare case in which [the Supreme] Court announces a new rule of constitutional law and makes it retroactive within one year.")

4

2000) (internal quotation marks omitted).

In his original motion, Anderson asked that his conviction and sentence be set aside because (1) the jury was not properly instructed as to the CCE count; (2) he declined the government's plea offer due to the erroneous advice of trial counsel; and (3) the Court misapplied the Sentencing Guidelines when it resentenced Anderson for possession with intent to distribute cocaine. In contrast, his motions to amend argue that his sentence is illegal because it "was enhanced on the basis of facts found by the sentencing judge instead of the jury." Blakely Mot. 6.

Anderson effectively concedes that his claims do not relate back to those raised in his original § 2255 motion, recognizing that "the D.C. Circuit has interpreted Fed. R. Civ. P. 15(c) to prohibit amendments to § 2255 motions based on new legal claims." Blakely Mot. 1 (citing Hicks, 283 F.3d at 388-89) (D.C. Cir. 2002). Anderson asks the Court to break with this controlling authority, and hold that the D.C. Circuit's "interpretation of Rule 15 is unduly restrictive and inconsistent with the application of Rule 15 in civil proceedings." Blakely Mot. 1. The Court declines to do so. As the court noted in Hicks, in the context of § 2255 motions, "if the defendant's trial and sentencing are construed to be the 'occurrence,' virtually any purported amendment will relate back," 283 F.3d at 388. Rule 15(c) does not apply to Anderson's proposed amendments, as the amendments "make[] claims or [are] based on occurrences totally separate and distinct, both in time and type from those raised in his original motion." Id. (internal quotation omitted). Accordingly, Anderson's Blakely and Booker motions are untimely and must be dismissed.

### III. Conclusion

For the reasons stated above, the Court will deny Anderson's "Motion to Amend 28 U.S.C. § 2255 Motion" [# 2] and "Defendant's Second Motion to Amend Pursuant to United States v. Booker" [# 10]. An appropriate order will accompany this Memorandum Opinion.

March 16, 2006

Thomas F. Hogan
Chief Judge

Copies to:

Beverly Dyer
Assistant Federal Public Defender
625 Indiana Ave., NW, Suite 550
Washington, DC 20004

Margaret J. Chriss
Assistant United States Attorney
Special Proceedings Section/ Room 10-824
555 4th Street, NW
Washington, DC 20530