UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | Crim. Action No. 89-160-1 (RCL) |
| MARCOS ANDERSON, | § § | **FILED** |
| Defendant. | § § § | JUL 24 2009 |
| | | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

<u>MEMORANDUM AND ORDER</u>

Before this Court is Defendant Marcos Anderson's Motion to Reconsider [14] then Chief Judge Thomas Hogan's March 16, 2006 ruling [13] denying Mr. Anderson's two motions to supplement his 28 U.S.C. § 2255 petition in light of *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). For the reasons set forth below, petitioner's motion to reconsider is denied.

**I. STANDARD OF REVIEW**

The Rules of Civil Procedure generally apply to Section 2255 proceedings, except in cases where they are inconsistent with any statutory provision or the Rules Governing Section 2255 Proceedings. FED. R. CIV. P. 81(a)(2); RULES GOVERNING SECTION 2255 PROCEEDINGS 12. While motions to reconsider are not specifically mentioned in the Rules of Civil Procedure, they have been treated as motions to alter or amend judgment under Rule 59(e). *Piper v. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing *Emory v. Sec'y of the Navy*, 819 F.2d 291, 293 (D.C. Cir. 1987)). Rule 59(e) motions are disfavored though and should only be granted in extraordinary circumstances. *Liberty Prop. Trust v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97 (D.D.C. 2008) (citing *Niedermeir v. Office of Baucus*, 153 F. Supp. 2d, 23, 28 (D.D.C. 2001)). Though a court

has considerable discretion in granting such motions, it only need to do so when it finds that there has been an intervening change of controlling law, that new evidence is available or that granting the motion is necessary to correct a clear error or prevent a manifest injustice. *Firestone v. Firestone*, 76 F.3d, 1205, 1208 (D.C. Cir. 1996) (per curiam). While Mr. Anderson has not alleged which one of these grounds the Court would have to base its decision on, it seems that it could only fall within the last two.

## II. ANALYSIS

Mr. Anderson contends that the court erred in its declaration that only the Supreme Court can make a new rule of constitutional law apply retroactively pending on collateral review. *Motion to Reconsider* [14], at 1 (citing Mem. Op. at 3 n.1). And indeed, many circuits have held that a lower court may make a retroactivity determination, though it appears that the D.C. Circuit has not yet passed on that question (explicitly at least). *See Dodd v. United States*, 545 U.S. 353, 365 n.4 (2005) (Stevens, J., dissenting) ("In reaching its result, the Court relies on an assumption made by both parties and not challenged in this Court; namely, that the decision to make a new rule retroactive for purposes of [Section 2255 ¶ 6(3)] can be made by any lower court."); *id.* at 371 n.* (Ginsburg, J., dissenting) ("Petitioner and the Government assume, for the purpose at hand, that a controlling decision whether a right operates retroactively may be made by a court of appeals. We have no cause in this case to question that assumption.") (internal citations omitted); *see also Wiegand v. United States*, 380 F.3d 890, 892 (6th Cir. 2004); *United States v. Swinton*, 333 F.3d. 481, 485–86 (3d Cir. 2003); *Ashley v. United States*, 266 F.3d 671, 673–75 (7th Cir. 2001); *United States v. Lopez*, 248 F.3d 427, 431 (5th Cir 2001). This Court has implicitly endorsed this position as well. *See*

*United States v. Thompson*, 587 F. Supp. 2d 121, 123–24 (D.D.C. 2008) (discussing Section 2255 cases where lower courts made nonretroactivity determinations based on *Teague v. Lane* analysis). And we also agree with the petitioner that his motion to amend is not a "second or successive petition" under AEDPA, and therefore Section 2255 ¶ 8(2)'s limiting language[1] does not apply, which would make his case one in which a lower court could make a retroactivity determination. *See Johnson v. United States*, 196 F.2d 802, 805–06 (7th Cir. 1999).

And though it appears likely that the D.C. Circuit would hold that a lower court can make a retroactivity determination (indeed, in several cases it has made such determinations already), the Court is not persuaded that Chief Judge Hogan's assertion otherwise was clear error. At the time of the decision, the Supreme Court had itself not considered the question—though it hinted which way it might rule—*see Dodd*, 545 U.S. at 371 n.* (Ginsburg, J., dissenting), and the D.C. Circuit had yet to do so as well. The only Supreme Court case to decide a similar issue, though in the context of Section 2254 proceedings, said only the Supreme Court could make a new rule of constitutional law

---

[1] *Compare* 28 U.S.C. § 2255 ¶ 8(2) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable.") (emphasis added) *with id.* § 2255 ¶ 6(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*."). Though it has become something of a refrain, it's still worth noting that AEDPA is not a model of statutory drafting, *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997), Congress's use of different language in these two sections still must be treated as if it were not the result of careless drafting, but thoughtful deliberation. *See Russello v. United States*, 464 U.S. 16, 23 ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)).

apply retroactively to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 663 (2001); *see also id.* at 677 (Breyer, J., dissenting).

But even were this clear error, which this Court is not convinced it was, clear error does not always merit reconsideration. This is especially the case, where, as it is here, doing so would not make any difference. Since Chief Judge Hogan's order, the D.C. Circuit has considered whether *Booker* applies retroactively to cases pending on collateral review, and twice held that it does not. *United States v. Branham*, 515 F.3d 1268, 1278 (D.C. Cir. 2008); *In re Fashina*, 486 F.3d 1300, 1303 (D.C. Cir. 2007). And though we might be free to make a retroactivity determination in the first instance, we are not able to do so when bound by the decision of a higher court.

### III. CONCLUSION

Because the D.C. Circuit has already held that *Booker* is nonretroactive, failing to reconsider the March 16, 2009 order would not work a manifest injustice either. Because reconsideration would not lead to a different result nor cause a manifest injustice, petitioner's motion for reconsideration is hereby DENIED.

**SO ORDERED** this 24th day of July 2009.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court