# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) Case No: 89-cr-160-RCL<br>) |
| MARCOS LOINAS ANDERSON, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

Before the Court is defendant Marcos Loinas Anderson's motion [ECF No. 44] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion is based on Amendment 782 to the United States Sentencing Guidelines and must be analyzed under the "two step inquiry" set forth in *Dillon v. United States*, 560 U.S. 817 (2010). Under *Dillon*'s test, the Court must first determine if Mr. Anderson is eligible for a sentence reduction under § 3582(c)(2) and then determine whether or a not such a reduction is warranted according to the factors enumerated in 18 U.S.C. § 3553(a). After considering Mr. Anderson's motion, the record in this case, and the applicable law, the Court will deny Mr. Anderson's motion because he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### I. BACKGROUND

In 1989, Mr. Anderson and several co-defendants were charged in a 126 count indictment with various federal drug and firearms violations including conspiracy, continuing criminal enterprise ("CCE"), distribution of controlled substances, possession with intent to distribute controlled substances, interstate travel in aid of racketeering, unlawful use of a communication device, and use of a firearm during a drug trafficking offense. After a jury trial, Mr. Anderson was

1

found guilty on all counts. Under the Sentencing Guidelines, Mr. Anderson's total offense level was 38, with a criminal history category of IV. Mr. Anderson was sentenced to a term of imprisonment for 645 months: concurrent terms of 405 months for the conspiracy, CCE, distribution of controlled substances, and possession with intent to distribute controlled substances counts; 60 months on the interstate travel in aid of racketeering counts; and 48 months on the unlawful use of a communication device counts. He was also sentenced to 60 months on each of the four firearm counts, with each sentence to run consecutively.

Mr. Anderson appealed his conviction, which was affirmed by the D.C. Circuit. The Circuit, however, found that the sentences for conspiracy and CCE were cumulative and remanded for resentencing. *See United States v. Anderson*, 39 F.3d 331 (D.C. Cir. 1994). After rehearing *en banc*, the Circuit reversed three of the four firearms convictions and remanded for resentencing. *See United States v. Anderson*, 59 F.3d 1323 (D.C. Cir. 1995). Mr. Anderson was resentenced to concurrent terms of 364 months on the CCE count, distribution of controlled substances counts, and possession with intent to distribute controlled substances count; a concurrent term of 60 months on the interstate travel in aid of racketeering count; a concurrent term of 27 months on the unlawful use of a communication facility count; and a consecutive term of 60 months on the remaining firearms count, for a total term of 424 months.

In 2009, Mr. Anderson moved to reduce his sentence pursuant to Amendments 706 and 715 of the U.S. Sentencing Guidelines. Amendment 706 reduced the base level for most crack offenses. Amendment 715 amended the provisions for calculations involving multiple drugs. At the time Mr. Anderson was sentenced, his adjusted based offense level for the crack offenses was 38. Under Amendments 706 and 715, that offense level was reduced to 36. However, Mr. Anderson was also convicted of CCE, which carried a base offense level of 36. This was adjusted

upward by two level for use of violence, resulting in an adjusted offense level of 38. Because the conviction for CCE was not affected by Amendments 706 and 715, Mr. Anderson's offense level (38) remained the same as it was at the time of sentencing, and therefore the Guidelines calculation did not change. Accordingly, the Court found that Mr. Anderson was not entitled to relief under 18 U.S.C. § 3582 because his sentencing range was not lowered by the amendments.

Mr. Anderson has now filed a motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines.

## II. LEGAL STANDARDS

Courts may modify terms of imprisonment once they have been imposed when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On April 30, 2014, the Sentencing Commission submitted to Congress Amendment 782, proposing a downward revision to sentencing ranges for drug trafficking offenses (sometimes referred to as "all drugs minus two"), and Amendment 788 which allows for the retroactive application of Amendment 782. Amendment 782 affects U.S.S.G. § 2D1.1, which discusses the base offense levels for the manufacture, importation, exportation, or trafficking of drugs, and attempt or conspiracy to commit such offenses. Amendments 782 and 788 became effective on November 1, 2014. The policy statement regarding Amendment 782 is contained in U.S.S.G. § 1B1.10.

Courts follow a two-step approach when determining whether a sentence reduction is warranted under § 3582(c). *Dillon*, 560 U.S. at 826. First, the court determines whether a

defendant is eligible for a sentence reduction and to what extent. *Id.* at 826–27. The court must "'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). However, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution. Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (citing U.S.S.G. § 1B1.10(b)(2)(A)–(B)).

If the defendant is eligible for a sentence reduction, the court moves on to step two, which is "to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

### III. ANALYSIS

The Court finds that Mr. Anderson is not eligible for a sentence reduction. Although Amendment 782 reduces the base offense level for drug related offenses under U.S.S.G. § 2D1.1, it does not affect the offense level for the CCE count, which is governed by U.S.S.G. § 2D1.5. Under U.S.S.G. § 3D1.3(b), which governs the offense levels applicable to groups of closely related counts, the Guidelines applicable to the CCE count (*i.e.*, U.S.S.G. § 2D1.5) control Mr. Anderson's total offense level, which remains at 38. Thus, because his total offense level remains unchanged, Mr. Anderson is not eligible for a sentence reduction. Mr. Anderson's motion does not pass the first step of *Dillon* and the Court will deny his motion.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Anderson is not eligible for a sentence reduction. His motion will be denied. A separate Order accompanies this Memorandum Opinion.

Date: August 9, 2017

Royce C. Lamberth
United States District Judge